IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY KIM<br>7307 Colchis Court<br>Laurel, Maryland 20707<br><br>  and<br><br>LISA KIM<br>7307 Colchis Court<br>Laurel, Maryland 20707<br><br>   **Plaintiffs**<br><br>v.<br><br>BRIAN A. KIM<br>8401 Weller Avenue<br>McLean, Virginia 22102<br><br>   **Defendant** | Case No. _____ |

### COMPLAINT

The Plaintiffs, Tony Kim and Lisa Kim (the "Kims"), by and through their attorneys, Robert J. Kim, Aaron D. Neal and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., sues the Defendant, Brian A. Kim, and says:

### Parties & Jurisdiction

1. The Kims are citizens of the State of Maryland and the rightful owners of 450 Kennedy Street, N.W., Washington, DC 20011 (the "Property"), said Property and rights, title and interest and beneficial ownership of the Property being the focus of this litigation.

2. Defendant is the son of the Kims and is believed to be a citizen of the Commonwealth of Virginia and to claim an ownership interest in the Property by virtue of a fraudulently obtained deed.

1

3. Venue is proper in this court because the real property at issue in this case is located within the geographic boundaries of this district.

4. Jurisdiction is proper in this court because the parties are completely diverse and the Property is worth more than the $75,000.00 jurisdictional minimum.

## Facts Common to All Counts

5. Tony Kim was born in 1938 and Lisa Kim was born in 1937.

6. The Defendant, Brian Kim, was born in 1964 and is the oldest child of the Kims.

7. The Kims came to the United States from Korea in 1972. At that time, Defendant was eight (8) years old. In addition to the Defendant, Brian Kim, the Kims are parents to Renee Lauren Cho, David Kim and Myong Suk Kwon.

8. Upon their arrival to the United States in 1972, Tony Kim worked as a mechanic with Trailways Bus Company and Lisa Kim worked as a cleaner with Trailways Bus Company.

9. In 1981, with their savings, the Kims purchased a business known as Brightwood Market in Washington, D.C.

10. After owning and operating Brightwood Market for approximately 8 years, in 1989, the Kims sold Brightwood Market and purchased a Five and Ten Store.

11. In September 1993, the Kims, with their savings from the operation of Brightwood Market and the Five and Ten Store, purchased the Property. In an attempt to give their sons some responsibilities, the Property initially was titled in the names of Brian Kim and David Kim. Neither Brian Kim nor David Kim contributed any funds to purchase the Property.

12. In October 1993, the Kims obtained a loan to make improvements to the Property. As part of the loan process, since the Defendant, Brian Kim and David Kim did not qualify for a loan, Lisa Kim was added to the title to the Property.

13. In 1994, the Kims sold the Five and Ten Store and purchased A-1 Grocery Store which they owned and operated until 1996. In 1996, Tony Kim suffered a stroke and was forced to retire from ownership and operation of A-1 Grocery Store.

14. Subsequently, over the years, Property was conveyed and re-conveyed among various family members. On April 16, 2019, the Property was titled in the names of Tony and Lisa Kim.

15. The Property is a small strip shopping center with three (3) commercial tenants collectively paying approximately $9,426.00 per month in base rent.

16. The rental income from the Property and monthly Social Security income in the amount of $1,600.00 have been the sole sources of income for the Kims since 1996.

17. Throughout the years, the Kims purchased a new automobile for the Defendant, paid for all of his college expenses and contributed to the purchase of his first residence.

18. On or about April 5, 2019, on his way to the bank to make deposits of the rental checks, Tony Kim was injured when an automobile caused him to fall and fracture his ribs and hand, resulting in a lengthy hospitalization.

19. Tony Kim was hospitalized for over three (3) months and spent significant time in a rehabilitation facility.

20. Throughout Tony Kim's hospitalization, the Defendant continued to control treatment, even seeking unnecessary surgery for Tony Kim.

21. While Tony Kim was hospitalized, the Defendant demanded that the Kims add him to the two (2) bank accounts owned by the Kims (one account with Bank of America and one account with Capital One). The Kims complied.

22. While Tony Kim was hospitalized, the Defendant sought and obtained signatures from Tony Kim and Lisa Kim to Powers of Attorney. The Defendant never discussed or explained any of these documents with the Kims.

23. Upon learning of what they had signed, the Kims revoked all powers granted to the Defendant.

24. Sometime in July 2019, while Tony Kim was still recovering from his injuries and still in the hospital, the Defendant told Tony and Lisa Kim they needed to sign a document, written only in English, for Tony Kim to be discharged from the facility. The Kims later learned that the document was a Deed purporting to convey the Property to the Defendant.

25. The Kims cannot read or write English and relied solely upon the Defendant's representation that the document was a form that was required for Tony Kim to be discharged from the facility.

26. The Defendant knew that the Kims cannot read or write English.

27. The Defendant did not explain the document before the Kims signed it and the Kims did not have any opportunity to obtain a translation of the form or to seek legal advice. As the Defendant is the Kims' oldest child and son and they trusted him, they took his word with respect to the documents and signed same.

28. After months of treatment, Tony Kim made a full recovery after having to learn to walk again.

29. Upon returning home from the hospital, Tony Kim asked the Defendant for the last four (4) months of rental income. The Defendant informed the Kims that "you spend too much money" and refused to return the rental income.

30. The Kims then learned that Defendant claimed to be the owner of the Property and had taken over management of same.

31. Neither of the Kims offered or agreed to transfer the Property to the Defendant. There was no notary public present when the Deed was signed and it is unclear how the Defendant procured the notary acknowledgement that is present on the Deed.

32. Instead, the Defendant informed the Kims that he is controlling the funds in his own account. The Defendant told the Kims that he would pay the recurring monthly expenses and pay the Kims $1,900.00 per month from the rental income. Even with the Kims' social security income, $1,900.00 per month is insufficient to cover their normal, non-recurring living expenses.

33. The Defendant has not provided any accounting of the rental income and expenses for the Property.

34. From the $9,426.00 in monthly rental income from the Property, Defendant pays approximately $3,313.00 in monthly recurring expenses incurred by the Kims. The Defendant also "gives" the Kims $1,900.00 per month from the monthly rental income. The Defendant retains approximately $4,213.00 of the rental income each and every month without explanation or justification.

35. The Kims are and should be the rightful owners of the Property and should have full and absolute control over the Property and revenue generated from the Property.

36. The Kims worked countless hours to accumulate funds to purchase the Property and are fully entitled to derive financial benefit from the ownership of the Property.

## Count One – Fraud

37. Plaintiffs incorporate by reference all other averments in the Complaint.

38. Defendant falsely represented to the Kims that the documents they were signing were hospital discharge forms, rather than a deed.

39. That misrepresentation was material, as it went to the core of the document that was being executed.

40. Defendant, who speaks, reads and writes English fluently, knew that the document he presented to the Kims was not a hospital discharge form.

41. Defendant told the Kims that the document was a hospital discharge form with the intent to deceive them into signing over the Property.

42. The Kims reasonably relied on the misrepresentations of their son, the Defendant, in whom they reposed their trust.

43. As a direct and proximate result of the misrepresentations the Kims have suffered actual damages, including the loss of record title to the Property and the loss of the rental income from the Property.

44. It is unclear at this juncture how much money Defendant has stolen from the Kims through rent from the Property and from their bank accounts.  The Kims request and are entitled to an accounting of all sums that the Defendant has wrongfully taken from them.

## Count Two – Fraud in the Factum

45. Plaintiffs incorporate by reference all other averments in the Complaint.

46. Defendant procured the Kims' signature on the Deed by falsely representing to them that the Deed was a hospital discharge form and that it needed to be signed to get Tony Kim discharged from the hospital.

47. The Kims executed the document at Defendant's direction, understanding and intending that it was a form to get Tony Kim discharged from the hospital.

48. The Kims do not read or write English and did not have the ability, knowledge or the opportunity to obtain knowledge of the true nature or content of the documents they were presented with.

49. The Defendant knew that the Kims do not read or write English and knew that they would not be able to identify the document as a deed.

50. As a result of the Defendant's fraud, the Deed is void *ab initio.*

### Count Three – Breach of Fiduciary Duty

51. Plaintiffs incorporate by reference all other averments in the Complaint.

52. The Kims relied upon and trusted the Defendant, their son, to act in their best interests.

53. The Defendant breached his fiduciary duties to the Kims when he tricked them into executing the Deed and coerced them into adding him to their bank accounts.

54. As a direct and proximate result of the Defendant's breaches, the Kims have suffered actual damages, including the loss of record title to the Property, loss of control over their bank accounts and the loss of the rental income from the Property.

55. It is unclear at this juncture how much money Defendant has stolen from the Kims through rent from the Property and from their bank accounts. The Kims request and are entitled to an accounting of all sums that the Defendant has wrongfully taken from them.

### Count Four – Quiet Title / Ejectment

56. Plaintiffs incorporate by reference all other averments in the Complaint.

57. The Kims are the proper, legal owners of the Property.

58. Defendant has asserted a claim to the Property by virtue of the Deed.

59. The Deed is void and / or voidable due to the fraud, fraud in the factum, undue influence and breach fiduciary duty of the Defendant, as well as the lack of a valid notary acknowledgement on the Deed.

60. Defendant exerted undue influence on the Kims at a time when Tony Kim was in the hospital for serious injuries, both of the Kims were elderly and unable to read or write English, and both of the Kims were susceptible to his influence by virtue of their trust for their son. Defendant coerced the Kims into signing documents without explaining what those documents were, ultimately substituting his own will for the will of the Kims, who did not intend to transfer the Property to the Defendant.

61. The Deed should be stricken from the land records and title to the Property should be quieted in favor of the Kims.

## **Relief**

WHEREFORE, the Kims respectfully request that this Honorable Court enter a judgment in their favor and against the Defendant, as follows:

   a. Ordering an accounting of all sums received or used by the Defendant from the Property and / or the Kims' bank accounts; and

   b. Entering a money judgment in favor of the Kims and against the Defendant in the amount that the accounting shows the Defendant to have misappropriated; and

   c. Declaring that the Deed is void *ab initio* and of no force or effect; and

   d. Quieting title to the Property in the name of the Kims, as tenants by the entireties; and

   e. For such other and further relief as the Kims' cause may require.

Respectfully submitted,

McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.


 /s/   Robert J. Kim              
Robert J. Kim – Bar No. 419508


 /s/  Aaron D. Neal              
Aaron D. Neal – Bar No. 985292
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Tel.     301-441-2420
Fax     301-982-9450
rkim@mhlawyers.com
aneal@mhlawyers.com

*Attorneys for the Plaintiff*